# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
VANETTA PARSHALL,                  *
                                   *   No. 17-29V
              Petitioner,          *   Special Master Christian J. Moran
                                   *
v.                                 *
                                   *   Filed: November 28, 2017
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *   Decision dismissing case;
                                   *   influenza vaccine; GBS.
              Respondent.          *
* * * * * * * * * * * * * * * * * * * *
```

Matthew Belanger, Faraci Lange, LLP, Rochester, NY, for petitioner.
Robert Coleman, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DISMISSING PETITION[1]

On January 9, 2017, petitioner filed a claim for compensation under the National Vaccine Injury Compensation Program (the "Program"). 42 U.S.C. §§ 300aa-1 to -34. Petitioner claimed that a flu vaccine that she received on January 10, 2014, caused her to develop Guillain-Barré Syndrome ("GBS"). Pet. at 1.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent challenged petitioner's eligibility for compensation under the Program for two primary reasons. First, respondent questioned petitioner's diagnosis of GBS based on her medical records. Resp't's Rep., filed Aug. 21, 2017, at 5. Second, assuming that petitioner did have GBS, respondent questioned whether the flu vaccine was the cause-in-fact of petitioner's GBS, primarily due to the time course of the disease in relation to the vaccination in petitioner's case. Id. at 5-7 (noting that the onset delay of 11 weeks in the present case is inconsistent with the typical onset delay of three days to eight weeks.)

A status conference was held on September 5, 2017. During this status conference, petitioner stated that she would be meeting with experts to discuss preparing a report in support of her claim for compensation. See Order, issued Sep. 6, 2017. The undersigned proposed instructions for petitioner's expert reports. Id. Petitioner objected to the proposed instructions on September 19, 2017. Pet'rs' Rep., filed Sep. 19, 2017. Petitioner's objections were overruled and a deadline of November 17, 2017, was set for petitioner to submit her expert reports. Order, issued Sep. 26, 2017.

On November 16, 2017, petitioner moved for the undersigned to issue a decision dismissing her case. Pet'rs' Mot., filed Nov. 16, 2017. Petitioner states that an investigation of the science supporting petitioner's claim demonstrates that petitioner will be unable to prove causation under the Vaccine Act. Id. at 1.

Petitioner states that she is aware that a dismissal will result in a judgment against her and that respondent does not object. Id. at 1-2.

Compensation under the Vaccine Act is available in two major forms. Table injuries, which presume causation, can be established if a prescribed injury occurs during a set period of time following a specific vaccination. Section 300aa-11(c)(1)(C)(i). Alternatively, petitioners can receive compensation for injuries not provided for in the vaccine injury table by bringing a successful petition for compensation under Section 300aa-11(c)(1)(C)(ii) of the vaccine act.

Here, petitioner does not claim that Ms. Parshall's GBS constitutes a Table injury under the Vaccine Act. This is a result of the delay between the vaccination and the onset of petitioner's symptoms. As an "off-Table Injury", petitioner must show, by a preponderance of the evidence, that the vaccine caused her injury. See 42 U.S.C. § 300aa–13(a)(1). And though the Vaccine Program was created, in part, to provide an informal plaintiff-friendly forum for adjudicating vaccine injury claims, the Federal Circuit has made clear that plaintiff's burden is to show that the injury more likely than not was the result of the vaccine. See Moberly v. Sec'y of HHS, 592 F.3d 1315, 1322 (Fed. Cir. 2010), reh'g en banc denied, (Fed. Cir. Apr. 13, 2010) (noting that the burden of proving an off-Table injury under the Act is "the traditional tort standard of 'preponderant evidence'").

As the petitioner herself recognizes, the evidence in the present case is insufficient to conclude that the vaccine more likely than not caused her alleged GBS.  Most probative is the lack of an explanation for the significant delay between the petitioner's vaccination and the onset of her symptoms.  While petitioner is free to present evidence to the undersigned to establish causation-in-fact despite the longer than typical delay, petitioner has instead elected to move for dismissal.  **Accordingly, Ms. Parshall's petition is dismissed for insufficient proof**.  **The Clerk's Office is instructed to enter judgment in accord with this decision.**

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master
